IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SANJIB KUMAB MOHAPATRO         *
        Petitioner,
                                        *

        v.                                     CIVIL ACTION NO. CCB-17-2600
                                            *
B. RICHARDSON, MDTA #1408, et al.
        Respondents.                 *
                                        ******

## **MEMORANDUM**

### **I. Introduction**

On September 6, 2017, the court received this petition for writ of habeas corpus. Sanjib Mohapatro challenges his involuntary commitment to Springfield Hospital Center (SHC). ECF No. 1. On October 6, 2017, Mohapatro was ordered to pay the $5.00 filing fee or, in the alternative, to move to proceed in forma pauperis. Respondents were granted an additional sixty days to answer the petition. ECF No. 2.

On December 4, 2017, Respondents filed a show cause response. ECF No. 3. They allege that because Mohapatro is no longer a patient at SHC, the petition is moot. They further argue that Mohapatro was lawfully detained at SHC, failed to sue the proper custodian, and failed to exhaust his available state remedies. *Id*. Mohapatro has not filed a reply.

### **II. Background**

According to the documents provided to the court, on February 16, 2017, Mohapatro was committed to the Maryland Department of Health (MDH)[1] by the District Court for Anne Arundel

---

[1] On July 1, 2017, the Maryland Department of Health and Mental Hygiene changed its name to the Maryland Department of Health. *See* https://health.maryland.gov/.../July-1-marks-name-change-to-Maryland-Department-of Health.aspx.

County after he was found incompetent to stand trial and a danger to himself and others. ECF No. 3-2.[2] On March 13, 2017, Mohapatro was found incompetent to stand trial and not restorable and met the criteria for involuntary commitment, pursuant to a forensic evaluation. ECF No. 3-3. He was involuntarily committed to the MDH pursuant to Md. Code Ann., Crim Proc, § 3-106(d)(1). ECF No. 3-4. Mohapatro remained civilly committed to the MDH until August 24, 2017, when he signed an Application for Voluntary Admission. He agreed to remain at SHC for care and treatment of his mental disorder as a voluntary patient. ECF No. 3-5.

While a patient at SHC, Mohapatro was under the care of Drs. Katherine Cinnamon and Ram Raheja. ECF No. 3-6, Raheja Affidavit. Members of Mohapatro's treatment team contacted his brother about his potential discharge and his brother indicated he would assist Mohapatro in returning to India upon his release from SHC. On September 29, 2017, Mohapatro was discharged from SHC to Safe Journey House, a residential center which offers an alternative to hospitalization for adult individuals in psychiatric crisis.[3] On November 27, 2017, Mohapatro emailed Dr. Raheja and indicated he had returned to India. *Id*.

### III. Analysis

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the

---

[2] All document references are made to the electronic docketing number.

[3] *See* http://www.safejourneyhouse1.com/index.html.

lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the complainant 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477). As noted by the Fourth Circuit, "[T]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction . . . . [A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Townes v. Jarvis*, 577 F.3d 543, 546 (4th Cir. 2009) (quoting *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008).

**IV. Conclusion**

To the extent that Mohapatro seeks habeas relief from his involuntary commitment, his claim is moot. As of September 25, 2017, he is no longer in SHC custody and subject to the conditions of which he complains. *See Jackson v. Director of Patuxent Institution*, 360 F. Supp. 138, 139 (D. Md. 1973) (release from institution mooted attack on determination of defective delinquency). In effect, Mohapatro has been afforded the relief he seeks. No equitable relief may be granted. A separate Order shall be entered denying the petition as moot.[4]

Date: Jan. 22, 2018                                /s/
                                           Catherine C. Blake
                                           United States District Judge

---

[4] Because the petition is being denied as moot based upon Mohapatro's release, the court need not discuss respondents' remaining arguments for dismissal.